(94 South. 250)

## WALLS v. JACKSON. (8 Div. 991.)

(Court of Appeals of Alabama. Oct. 31, 1922.)

1. Appeal and error ⊘═690(2, 4) — Assignments of error in admitting note not set out in record, or shown to have been read or given to jury, not available.

In detinue to recover a cow taken on foreclosure of a mortgage executed by plaintiff's husband, assignments of error in overruling objections to the introduction of the note secured by the mortgage and the receipt therefor as not properly proven are unavailing, where the note is not set out in the record, and there is nothing to show that it was actually put in evidence.

2. Trial ⊘═252(5)—Charges properly refused as not supported by evidence.

In detinue to recover a cow taken on foreclosure of a mortgage executed by plaintiff's husband, charges to find for defendant if plaintiff authorized her husband to mortgage the cow were properly refused as abstract, where there was no evidence that plaintiff gave such authority.

3. Appeal and error ⊘═873(3)—Rulings on motion for new trial not considered on appeal from judgment.

On appeal from the judgment only, the court's ruling on the question of new trial cannot be considered.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action in detinue by Della Jackson against S. J. Walls and another. From a judgment for plaintiff, defendant named appeals. Affirmed.

Assignments of error 1 and 2 read as follows:

"(1) The court erred in overruling the objection of the defendant to the introduction of the note and receipt because not properly proven. The witness stated she could not read and write.

"(2) The court erred in permitting the plaintiff, over the objection of the defendant, to offer in evidence the note and receipt when it is shown by the witness that she did not know one word from another and could not read and write."

Charges 1 and 2 requested by defendant and refused by the trial court read:

"(1) The court charges the jury that, if the plaintiff authorized her husband to mortgage the cow to Walls, the defendant, your verdict should be for the defendant.

"(2) The court charges the jury that, if the plaintiff authorized her husband, John Jackson, to execute the mortgage in evidence in this case to S. J. Walls, the defendant, then your verdict would be for the defendant."

Rayburn, Wright & Rayburn, of Guntersville, for appellant.

That the unsuccessful party, who had exercised proper diligence to discover the facts material to the case, was surprised by evidence which he had no reasonable cause for believing existed, may be ground for a new trial. 39 Cal. 555; 100 Ala. 622, 13 South. 481; 6 Bing. 753. Counsel discuss other questions, but without citing additional authorities.

D. Isbell, of Guntersville, for appellee.

The wife could not make a valid mortgage on her cow to secure her husband's debt. Code 1907, § 4497; 194 Ala. 687, 70 South. 115; 197 Ala. 352, 72 South. 538; 200 Ala. 158, 75 South. 906. The affirmative charge should never be given where there is any material conflict in the evidence. 5 Mayf. Dig. 150; 135 Ala. 537, 33 South. 332; 124 Ala. 470, 27 South. 259; 134 Ala. 242, 32 South. 684. The final judgment in the original case and the judgment dismissing the petition for a new trial are separate and distinct judgments, and an appeal cannot be taken from both in one appeal. 130 Ala. 275, 30 South. 567.

BRICKEN, P. J. This appeal is from a judgment rendered in favor of appellee, plaintiff in the court below, on October 10, 1921.

The suit was brought by Mrs. Della Jackson, as plaintiff, against S. J. Walls and I. B. Hyde, to recover possession of a cow. The case was in detinue, and it was the contention of plaintiff that at the time this suit was brought the defendants were in possession of the cow described in the complaint, and that the cow was her own property, and that defendants were wrongfully withholding the possession of the cow from her.

Defendants admitted possession of the cow in question at the time suit was brought, but denied the right of plaintiff to the possession thereof, and contended that the cow belonged to defendants, and claimed the right to the possession thereof under and by virtue of a certain mortgage executed to defendant Walls by one John Jackson, the husband of plaintiff, which said mortgage had been foreclosed.

These respective contentions constituted an issue of fact, and, as aptly stated by the trial judge in his charge to the jury, formed the simple issue as to whether or not it was this plaintiff's cow when she brought the suit, or was it the cow of the husband when it was mortgaged by him to Walls.

[1] The first and second assignments of error relate to the ruling of the court upon the testimony. We are not prepared to put the court in error in this connection, as the note inquired about is not set out in the record, and there is nothing to show that it was ever read to the jury, nor sent out with them when they retired to enter upon their deliberations. The record discloses that the defendant merely offered to introduce the note in evidence, but nothing to show, as above stated, that it was actually put in evidence.

[2] Assignments of error 3 and 4 relate to the refusal of charges 1 and 2 to defendant. An examination of the record discloses that these charges are abstract, and were properly refused. In the first place, the record does not contain any mortgage from Jackson to Walls, and there is no evidence to the effect or tending to show that plaintiff authorized her husband to mortgage the cow to Walls.

Assignments of error 5 and 7 relate to the court's refusal to give the general affirmative charge requested by defendant. It is so clearly evident that these charges were properly refused under the testimony in this case the question needs no discussion whatever.

[3] Assignments of error 8 and 9 relate to the ruling of the court upon the question of new trial. This matter is not before us for consideration; the appeal as hereinabove stated being from the judgment entered in the original suit on October 10, 1921, as clearly appears from the record.

Affirmed.